

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# Ali v. Suchocki

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ali v. Suchocki" (2007). *2007 Decisions.* Paper 235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-33                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-5160
_____

IMANUEL BASSIL ALI,
                          Appellant,

v.

CORRECTIONAL OFFICER C.O. SUCHOCKI; C/O RAMBLER;
C/O. LAFFERTY; C/O GRAY; C/O SMITH; C/O DOYLE; C/O
HACKETT; C/O GOODMAN; C/O WALTER; C/O FERRO; C/O
BILONICK;C/O LANCASTER; C/O MICHAELUCCI; C/O BOLIN;
BARCLAY; C/O PLAVKOS; SGT. BROOKS,; SGT. LIPSCOMB;
LT. ESMUND; LT. LEGGETT; SGT. CONNER; C/O
ENGLEHARDT; SGT. ANDERSON; C/O FAUVIE; UNIT
COUNSELOR HARRIS; UNIT MANAGER KEN MILLER; UNIT
PSYCHOLOGIST MARY ANN MISTRIK; UNIT MANAGER
WARMAN; UNIT MANAGER CAPOZZA; CHAPLAIN MONIK; PRC
COORDINATOR JEAN MEARS; T. JACKSON, Deputy Superintendent
of Treatment; STICKMAN, Superintendent of Facility; DAN DAVIS,
Superintendent Assistant/Grievance Coordinator; SHARON DELETTO,
Grievance Coordinator; IVAN, RHU Counselor; L.S. FOLINO,
Superintendent of Facility; CAPTAIN HALL, RHU Shift Commander;
CAPT. LANTZ; BRENDA MARTIN, Unit Manager; UNIT
COUNSELOR MARIA BALESTRIERI; JEFFREY BEARD, Secretary of
DOC; H. C. O'HARA, Director of Office of Professional Responsibility

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-01697)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted on Motions to Reopen the Appeal Pursuant to 3rd Cir. LAR Misc.
107.2 and for Leave to Appeal In Forma Pauperis Pursuant to 28 U.S.C. § 1915

October 25, 2007

Before: BARRY, CHAGARES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Opinion filed November 9, 2007)

---

OPINION

---

PER CURIAM

Appellant Imanuel Bassil Ali filed an <u>in forma pauperis</u> civil rights complaint in United States District Court for the Western District of Pennsylvania against numerous defendants, alleging a violation of his constitutional rights in connection with his food and right to petition the court to seek redress of grievances. After Ali's deposition was taken, the defendants moved for summary judgment, contending, in pertinent part, that he failed to exhaust his administrative remedies prior to filing suit with respect to all but two of his grievances, 42 U.S.C. § 1997e(a), and those that he did exhaust did not rise to the level of constitutional violations. The Magistrate Judge filed a Report and Recommendation, addressing that motion, and Ali filed Objections to it. In an order entered on November 27, 2006, the District Court granted summary judgment to the defendants.[1]

Ali appealed, but his appeal was procedurally terminated by our Clerk for failure

---

[1] The District Court denied as moot Ali's post-judgment motion to voluntarily dismiss some of the defendants from the action.

2

to pay the appellate fees. He has submitted motions to reopen the appeal pursuant to 3rd Cir. LAR Misc. 107.2 and for leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915, which we will grant.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review of the District Court's grant of summary judgment is plenary and we must affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We conclude that there is no arguable basis in fact or law for disagreeing with the District Court's summary judgment determination. Neitzke, 490 U.S. at 325; Celotex Corp., 477 U.S. at 322-23.

A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). As explained by the Magistrate Judge in a Report and Recommendation adopted by the District Court, Ali is barred from relief because of the procedural defaults he committed during the grievance process with respect to all but two of his grievances, see Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (Prison Litigation Reform Act contains a procedural default

component).  In his deposition he could not recall completing the three levels of review, see DC-ADM-804, except as to grievance nos. 121278 and 115857.  The defendants established by the affidavit of Kristen Reisinger that the only fully exhausted grievances are nos. 121278 and 115857.[2]

Turning to the constitutional merit of these grievances, Ali claimed in one that his package of pop tarts had been opened, which indicated to him that someone had tampered with his food.[3]  He contended in the other that, after eating allegedly tainted food on June 6, 2005, he developed a headache and nausea.  In order to state a constitutional claim of cruel and unusual punishment, a plaintiff's complaint must satisfy both the objective and subjective requirements for an Eighth Amendment action pursuant to 42 U.S.C. § 1983.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Preliminarily, a plaintiff must show that the deprivation was sufficiently serious.  Id. at 298.  The incidents about which Ali complained do not rise to this level.  There is no evidentiary support for Ali's assertion of adulterated food and thus no reason for a trial.  Anderson v. Liberty Lobby, Inc., 477 U.S.

---

[2] Although many of Ali's grievances were rejected prior to the final appeal stage on the ground that he would not use the name that appears on his judgment of commitment, Emanuel Lester, we agree with the Magistrate Judge that the grievance process was not thereby rendered unavailable to him.  We held in Ali v. Horn, C.A. No. 98-7214, that prison officials could, consistent with the First Amendment, require Ali to use the name on his judgment of commitment.

[3] This grievance was rejected as frivolous.  The grievance officer who investigated the complaint reasoned that, because Ali did not immediately complain about his tray as he usually did when something was genuinely wrong, it was likely that the complaint was a ploy to obtain extra food, something Ali had tried on other occasions.

242, 249-50 (1986).[4]  The allegation that the food tampering was in retaliation for his previous litigation in 2002 also has no evidentiary support, id.; see also Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

We will grant the motions to reopen the appeal and for leave to appeal in forma pauperis and dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk is directed to do an assessment order under section 1915(b).

---

[4] Because Ali's claims have no constitutional significance, we need not reach the question of whether the doctrines of respondeat superior and/or qualified immunity shield the defendants from this action.